UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DUSTON MILLER,<br><br>    Plaintiff,<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,<br><br>    Defendants. | Case No.: 2:17-cv-02021-RFB-NJK<br><br>**Order**<br><br>[Docket No. 32] |

Pending before the Court is Plaintiff's motion for an order directing the U.S. Marshal to serve Defendants pursuant to 28 U.S.C. § 1915(d). Docket No. 32. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

**I.    Background**

The Court granted Plaintiff's application to proceed *in forma pauperis* on September 25, 2018. Docket No. 17. On March 21, 2019, the Court screened Plaintiff's second amended complaint. Docket No. 24. The Court ordered that several counts shall proceed against various defendants. *Id*. at 17-18. The Court ordered the Clerk of the Court to issue five summonses for Defendants Las Vegas Metropolitan Police Department, Joe Lombardo, Law Librarian, T. Olson, Correctional Officer J. Hitt, and Lieutenant Taylor, and to deliver them to the U.S. Marshal for service along with copies of the second amended complaint. *Id*. at 18. The Court allowed Plaintiff thirty days to furnish the U.S. Marshal with the required USM-285 forms. *Id*. On March 22, 2019, the Clerk of the Court issued summons to Defendants. Docket No. 25. On April 9, 2019, the

Court's screening order was returned as undeliverable. Docket No. 27. On April 10, 2019, the Court ordered Plaintiff to file a notice of change of address, which Plaintiff did on April 17, 2019. Docket Nos. 28, 29. On May 15, 2019, the U.S. Marshal returned the summons as unexecuted for Defendants because no USM-285 form was received for process. Docket No. 30.

**II.     Analysis**

Litigants proceeding under *in forma paurperis* status have the right "to adequate assistance by the U.S. Marshal in the service of summons and the complaint." *Puett v. Blandford*, 912 F.2d 270 (9th Cir. 1990); *see also* Federal Rule of Civil Procedure 4(c)(3).

In light of the notice of the Court's screening order being returned as undeliverable, it is not clear that Plaintiff received the blank copies of the USM-285 and the instructions regarding furnishing the USM-285 to the U.S. Marshal. Nonetheless, Plaintiff attached the relevant USM-285s for Defendants LVMPD, Olson, Lombardo, Taylor, and Hitt to his motion at Docket No. 32-1.

Accordingly, the Court **GRANTS** Plaintiff's motion to serve Defendants. Docket No. 32. The Court **INSTRUCTS** the Clerk of the Court to deliver Plaintiff's USM-285s, Docket No. 32-1, to the U.S. Marshal along with five copies of the second amended complaint and five copies of the Court's screening order, Docket No. 24. The U.S. Marshal shall then attempt to serve these Defendants. If the U.S. Marshal is unable to serve these Defendants with the current information, and Plaintiff wishes to have service again attempted on Defendants, then Plaintiff must file a separate motion with the Court that specifies a more detailed name and/or address for any Defendants not served, or whether some other manner of service should be attempted.

IT IS SO ORDERED.

Dated: July 19, 2019.

_____
Nancy J. Koppe
United States Magistrate Judge