UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DUSTON MILLER,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, *et al.*<br><br>　　　　　Defendants. | Case No. 2:17-CV-02021-RFB-NJK<br><br>**ORDER**<br><br>Plaintiff's Motion for Leave to Enlarge Motion for Summary Judgment (ECF No. 111)<br><br>Defendants' Motion for Summary Judgment (ECF No. 122) |

## I.    INTRODUCTION

Before the Court are Plaintiff's Motion for Leave to Enlarge Motion for Summary Judgment (ECF No. 111) and Defendants' Motion for Summary Judgment (ECF No. 122).

## II.    PROCEDURAL BACKGROUND

Pro se Plaintiff filed his Complaint on July 25, 2017. ECF No. 1. He filed his First Amended Complaint on February 14, 2018 (ECF No. 9) and his Second Amended Complaint on September 25, 2018. ECF No. 18. On March 21, 2019, the Court issued a screening order on Plaintiff's Second Amended Complaint. ECF No. 24. On January 17, 2020, Plaintiff filed his Third Amended Complaint. ECF No. 68. On March 4, 2020, the Court issued a minute order stating that (ECF No 68) shall be the operative complaint. ECF No. 91. On March 24, 2020, a discovery schedule was issued: discovery was due by May 26, 2020; motions due by June 23, 2020; and the proposed joint pre-trial order due by July 23, 2020.  ECF No. 94.

On May 29, 2020, Plaintiff filed a Motion for Leave to Enlarge Motion for Summary Judgment. ECF No. 111. A response and reply were filed. ECF Nos. 118, 121. On July 23, 2020, Defendants filed a Motion for Summary Judgment. ECF No. 122. A response and reply were filed. ECF Nos. 125, 126. On March 12, 2021, in addition to hearing other motions, the Court heard oral argument about (ECF No. 111) Plaintiff's Motion for Leave to Enlarge Motion for Summary Judgment and (ECF No. 122) Defendants' Motion for Summary Judgment. The Court took the two motions under submission, and this written order now follows.

### III.  FACTUAL BACKGROUND

The Court finds the following findings of disputed and undisputed facts:

#### A. Undisputed Facts

The Court finds the following facts to be undisputed.

Plaintiff is currently a prisoner at High Desert State Prison. He filed this Complaint while in the custody of Clark County Detention Center ("CCDC"). When he was at CCDC, Plaintiff used its legal library. Defendants told Plaintiff that he had an outstanding debt of $146.10 at the legal library for unpaid legal copies and materials and that he had eight rule violations since his last sanction. As a result, Defendant Hitt recommended disciplinary segregation for Plaintiff. A Conduct Adjustment Board found Plaintiff guilty. Plaintiff appealed. His appeal was reviewed and investigated. As part of the investigation, Officer Taylor went into Plaintiff's jail cell and took several manila envelopes that contained legal documents. Plaintiff's appeal was denied, and his sanctions upheld.

#### B. Disputed Facts

Parties dispute over whether the resources and assistance at the law library are adequate.

Parties also dispute whether the policy that every inmate signs an inmate account charge slip when receiving legal documents is equally practiced and applied to everyone. Parties also dispute whether Plaintiff stole legal documents, whether Plaintiff received the required due process protections when charged with theft at his Conduct Adjustment Board hearing, and whether Plaintiff's personal property was unreasonably seized.

### IV. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (citation and internal quotation marks omitted) (alteration in original).

### V. DISCUSSION

The Court takes each of Plaintiff's six causes of action in turn.

#### A. Count I – Access to Courts

In Count I, Plaintiff claims that Defendant LVMPD's policy governing the law library at

CCDC, and enforced by Defendant Lombardo, violates his right to access the courts. Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). The right is simply the right to bring to court a claim the inmate wishes to present and is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. To bring a claim, the plaintiff must have suffered an actual injury by being denied access to the courts. Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis, 518 U.S. at 351. A plaintiff may not pursue a claim for denial of access to the courts based merely on the failure of staff to respond to his grievances in a particular way or based on the rejection of his grievances; prisoners have no constitutional rights to the handling of grievances in any particular manner. See Mann v. Adams, 640 (9th Cir. 1988); Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003).

Plaintiff argues that he was denied right of access to the courts because among other limitations, he was not allowed physical books or legal assistance. The limited time to use the legal kiosk and limited assistance on how to use the kiosk did not provide Plaintiff the minimum support needed for him to access the courts. Plaintiff alleges that he has been injured from the lack of access because he has lost some arguments in his legal proceedings. He also asserts that he was unable to represent himself in his state criminal case as he had a right to do because of the denial of his access to the law library. Defendants argue that given that Plaintiff has been able to file so many documents in this case, and how records from 2017 show that he made 52 law library requests and received 871 pages, that Plaintiff has not been denied access to the courts. Defendants also argue that it is policy to not provide physical books, that all prisoners have limited time to use the kiosks given the number of people who want to use them, and that Plaintiff fails to show that he suffered an actual injury. ECF No. 122-1.

The Court finds that Plaintiff has not established that he suffered a plausible injury as a

result of his alleged limited access to legal materials. Plaintiff alleges that his limited access left him unable to be able to pursue a meritorious claim in another case before this Court – 2:16-cv-02051-RFB-GWF. However, the Court finds that Plaintiff was able to present his due process claim in the aforementioned case and that this claim was dismissed for being legally insufficient. Plaintiff has not provided evidence that his claim would somehow have been presented differently or was harmed by his alleged limited access to legal materials. Plaintiff's claim in this case for violation of his right to access the courts is therefore dismissed.

### B. Count II – Equal Protection

In Count II, Plaintiff alleges that the LVMPD and Sheriff Lombardo violated his right to equal protection under the law. In order to state an equal protection claim, a plaintiff must allege facts demonstrating that defendants acted with the intent and purpose to discriminate against him based upon membership in a protected class, or that defendants purposefully treated him differently than similarly situated individuals without any rational basis for the disparate treatment. Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001); see also Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

Plaintiff alleges that Officer Olsen told him that requests for legal research would be answered only if Plaintiff submitted signed trust account withdrawal forms with his requests. Plaintiff asserts that this demand was not required of similarly situated inmates. Defendant argues that LVMPD policy states that each inmate signs for legal materials and Plaintiff has provided no evidence to support his contention or any discriminatory intent or effect. The Court finds that neither party has established beyond dispute whether LVMPD consistently enforced this policy or whether it was enforced just as to Plaintiff. Accordingly, there remains a genuine dispute of material fact regarding whether similarly situated detainees who use the law library are equally

subjected to LVMPD's policy. This claim survives both parties' Motion for Summary Judgment.

### C. Count III – Due Process

In Count III, Plaintiff alleges Defendants' Hitt, Taylor, Darrington, and Albright violated his due process rights by depriving him of his legal materials and disciplining him for allegedly stealing them. To state a Fourteenth Amendment due process claim, a plaintiff must adequately allege that he was denied a specified liberty interest and that he was deprived of that liberty interest without the constitutionally required procedures. Swarthout v. Cooke, 562 U.S. 216, 219 (2011). Such interests may arise from the Constitution itself or from state law. Under the Fourteenth Amendment, no state shall deprive any person of life, liberty, or property without due process of law. Incarcerated individuals retain a right to due process, subject to the restrictions imposed by the nature of the penal system. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). However, an incarcerated individual in a prison disciplinary hearing is not entitled to the full panoply of due process rights that a defendant possesses in a criminal prosecution. Id. at 556. The process due in a prison disciplinary hearing includes: (1) written notification of the charges; (2) at least a brief period of time after the notice to prepare for the hearing; (3) a written statement by the fact-finders as to the evidence relied on and reasons for the disciplinary action; and (4) the inmate facing the charges should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals. Id. at 564, 566, 570.

The Court first notes that it finds that Plaintiff has alleged a single due process claim that involves both the deprivation of his legal material and the related discipline involving these materials. With respect to deprivation of property, Plaintiff alleges that Officer Hitt and Taylor seized Plaintiff's legal materials while conducting searches of Plaintiff's property. Defendants

argue that Plaintiff does not have a property interest in the documents that inmates have stolen. The Court finds that there remains a genuine dispute of material fact regarding what documents were seized, and if they were law library materials or Plaintiff's personal materials. With respect to procedural due process at disciplinary hearings, Plaintiff argues that he was not provided the date and time of the alleged theft, denied the ability to call the accusing officer as a witness, denied the opportunity to present documentary or surveillance evidence, and not provided an explanation for the discipline. Defendants argue that Officer Hitt gave Plaintiff notice of the theft charge, the hearing date, and that his right to call witnesses is not unlimited. The Court finds that there remain genuine issues of disputed of fact regarding what information was provided to Plaintiff before the hearing and what happened at the hearing itself. As such, this claim overcomes both parties' Motion for Summary Judgment.

### D.  Count IV – Fourth Amendment

In Count IV, Plaintiff alleges Defendants violated his Fourth Amendment right to be free from unreasonable searches and seizures. "The Fourth Amendment says that the 'right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated.' Its 'central requirement' is one of reasonableness. In order to enforce that requirement, this Court has interpreted the Amendment as establishing rules and presumptions designed to control conduct of law enforcement officers that may significantly intrude upon privacy interests. Sometimes those rules require warrants. We have said, for example, that in 'the ordinary case,' seizures of personal property are 'unreasonable within the meaning of the Fourth Amendment,' without more, 'unless ... accomplished pursuant to a judicial warrant,' issued by a neutral magistrate after finding probable cause." Illinois v. McArthur, 531 U.S. 326, 330 (2001) (internal citations omitted). "In most circumstances, searches and seizures conducted

without a warrant are 'per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions.' " Al Haramain Islamic Found., Inc. v. U.S. Dep't of Treasury, 686 F.3d 965, 990 (9th Cir. 2012) (citing Katz v. United States, 389 U.S. 347, 357 (1967)).

Importantly, the Fourth Amendment right to be free from unreasonable searches and seizures "extends to incarcerated prisoners…the reasonableness of a particular search is determined by reference to the prison context." Thompson v. Souza, 111 F.3d 694, 699 (9th Cir. 1997). However, a district court must consider any underlying penological interest for an inmate search or seizure in determining its reasonableness. Id.

Plaintiff argues that he had a property interest in the papers Officer Hitt and Taylor seized from his cell because they included documents that he had paid for and his own legal notes. Defendants argue that Plaintiff has no property interest in the legal documents, he has no right to privacy in his cell, and the legal documents were confiscated because the Conduct Adjustment Board determined that Plaintiff had taken legal documents without paying for them.

The Court will dismiss Plaintiff's claim. While the Court disagrees with the Defendants' argument that Plaintiff cannot have a right to privacy as to the legal materials in his cell, the Court does not find that Plaintiff has alleged a cognizable claim here. The Court finds that it is undisputed that Plaintiff's papers were seized for the purpose of determining whether they had in fact been stolen. This is distinct from the actual conclusion reached as to whether they were stolen. The Court finds a seizure for this purpose is reasonable and based upon a legitimate penological interest that would therefore not run afoul of the protection of the Fourth Amendment. Thompson, 111 F.3d at 699-700 (noting that Fourth Amendment not violated by prison searches based on legitimate penological interest). The Court thus grants summary judgment for Defendants on this

claim.

### E. Count V – First Amendment

In Count V, Plaintiff alleges that Defendants Hitt and Taylor violated his First Amendment right to file or make a grievance. He argues that they retaliated against him because he refused to sign a trust account form. Defendants argue that Plaintiff was not sent to administrative segregation because of his grievances, but because he had outstanding law library debt. Defendants also argue that the alleged adverse actions did not chill Plaintiff's 1st Amendment activities, particularly since Plaintiff appealed his Board hearing. Defendants provide an Inmate Incident History report detailing Officer Hit's finding that Plaintiff had not signed for legal paperwork and his recommendation that Plaintiff be placed in disciplinary housing for theft of jail property and continuous rule violations. ECF No. 122-4. The Court finds that there is no genuine dispute of material fact regarding this First Amendment claim. Plaintiff has provided no evidence that Defendants' actions were motivated by Plaintiffs' grievances or with an intention to chill Plaintiff's protected speech. Therefore, the Court grants Defendants' Motion for Summary Judgment on this claim.

### F. Count VI – Sixth Amendment

In Count VI, Plaintiff alleges that Officer Lombardo and the LVMPD violated his Sixth Amendment right to self-representation in his criminal case. He argues that they limited Plaintiff's ability to conduct legal research due to their law library policies and failed to provide Plaintiff with adequate legal supplies. Defendant argues that Plaintiff has no Monell claim because no officer violated any of his constitutional rights, and that he failed to show that the LVMPD or Lombardo instituted any unconstitutional policy. Further, Defendants argue that Plaintiff's claim is barred by Heck v. Humphry, 512 U.S. 477 (1994), which bars inmates' claims of violations of the Sixth

Amendment right to self-representation if the claim would imply the invalidity of the underlying criminal conviction, and the Court already found that Plaintiff's criminal case has not been reversed. The Court agrees with both of Defendants' arguments. The Court finds that there is no genuine issue of material fact regarding Plaintiff's right to self-representation in his criminal case. Therefore, the Court grants summary judgment on this claim in favor of Defendants.

## VI.  CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Enlarge Motion for Summary Judgment (ECF No. 111) is DENIED.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 122) is DENIED in part and GRANTED in part. Summary judgment is granted as to Plaintiff's First Claim (Access to Courts), Fourth Claim (Fourth Amendment), Fifth Claim (First Amendment Retaliation) and Sixth Claim (Sixth Amendment Self-Representation). Plaintiff's two other claims shall proceed.

**IT IS FURTHER ORDERED** that the parties shall file a Joint Pretrial Order by September 10, 2021.

DATED: July 28, 2021.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**