UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DUSTON MILLER,<br><br>    Plaintiff,<br><br>    v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT *et al.*,<br><br>    Defendants. | Case No. 2:17-cv-02021-RFB-NJK<br><br>**ORDER**<br><br>Defendants' Motion for Clarification or, in the alternative, Motion for Reconsideration (ECF No. 134)<br><br>Plaintiff's Motion for Reconsideration (ECF No. 142) |

**I.     INTRODUCTION**

Before the Court are Defendants' Motion for Clarification or, in the alternative, Motion for Reconsideration of the Court's Summary Judgment Order, ECF No. 134, Plaintiff's Motion for Reconsideration of the Court's Summary Judgment Order, ECF No. 142. For the reasons stated below, both parties' motions are DENIED.

**II.    PROCEDURAL BACKGROUND**

Pro se Plaintiff filed his Complaint on July 25, 2017. ECF No. 1. He filed his First Amended Complaint on February 14, 2018, ECF No. 9, and his Second Amended Complaint on September 25, 2018, ECF No. 18. On March 21, 2019, the Court issued a screening order on Plaintiff's Second

Amended Complaint. ECF No. 24. On January 17, 2020, Plaintiff filed his Third Amended Complaint. ECF No. 68. On March 4, 2020, the Court issued a minute order stating that the Third Amended Complaint shall be the operative complaint. ECF No. 91. On March 24, 2020, a discovery schedule was issued: discovery was due by May 26, 2020; motions due by June 23, 2020; and the proposed joint pre-trial order due by July 23, 2020. ECF No. 94.

On May 29, 2020, Plaintiff filed a Motion for Leave to Enlarge Motion for Summary Judgment. ECF No. 111. A response and reply were filed. ECF Nos. 118, 121. On July 23, 2020, Defendants filed a Motion for Summary Judgment. ECF No. 122. A response and reply were filed. ECF Nos. 125, 126. On March 12, 2021, in addition to hearing other motions, the Court heard oral argument on Plaintiff's Motion for Leave to Enlarge Motion for Summary Judgment Defendants' Motion for Summary Judgment. The Court took the two motions under submission and issued a written order on July 28, 2021, denying Plaintiff's Motion for Leave to Enlarge Motion for Summary Judgment, and denying in part and granting in part Defendants' Motion for Summary Judgment. ECF No. 132. With respect to the Summary Judgment motion, the Court granted summary judgment as to Plaintiff's First Claim (Access to Courts), Fourth Claim (Fourth Amendment), Fifth Claim (First Amendment Retaliation), and Sixth Claim (Sixth Amendment Self-Representation). Plaintiff's Second Claim (Equal Protection) and Third Claim (Due Process) survived Defendants' Motion for Summary Judgment.

On September 7, 2021, Defendants filed a Motion for Clarification or, alternatively, Reconsideration of Summary Judgment regarding the Court's (ECF No. 132) Order. ECF No. 134. Plaintiff responded on September 23, 2021, ECF No. 138, and Defendants replied on September 30, 2021, ECF No. 139. On October 15, 2021, Plaintiff filed a Motion for Reconsideration of the Court's (ECF No. 132) Order. ECF No. 142. Defendants responded on October 29, 2021. ECF No. 146. This written order now follows.

### III. LEGAL STANDARD

"As long as a district court has jurisdiction over [a] case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." City of L.A. v. Santa Monica BayKeeper, 254 F.3d 882, 886 (9th Cir. 2001) (quoting Melancon v. Texaco, Inc., 659 F.2d 551, 553 (5th Cir. 1981).

A district court may grant a motion for reconsideration only where: (1) it is presented with newly discovered evidence; (2) it has committed clear error or the initial decision was manifestly unjust; or (3) there has been an intervening change in controlling law. Nunes v. Ashcroft, 375 F.3d 805, 807 (9th Cir. 2004); Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000); Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Kona, 229 F.3d at 890; Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (citation and quotation marks omitted). "A party seeking reconsideration . . . must state with particularity the points of law or fact that the court has overlooked or misunderstood. Changes in legal or factual circumstances that may entitle the movant to relief also must be stated with particularity." L.R. 59-1.

### IV. DISCUSSION

    **a. Defendants' Motion for Clarification or, in the Alternative, Motion for Reconsideration**

The Court incorporates by reference the findings of disputed and undisputed facts stated in its Order granting in part and denying in part Defendants' Motion for Summary Judgment. ECF No. 132.

Defendants first seek clarification of the Court's Order with respect to which Defendants remain in the case to proceed to trial on Count II (Equal Protection) of Plaintiff's Complaint. As the Court observed in its July 28, 2021 Order, Plaintiff alleges that Defendants LVMPD, Sheriff

3

Lombardo, and Olson purposefully treated him differently than similarly situated inmates when they implemented a policy against Plaintiff of requiring him to submit signed trust account withdrawal forms before he could receive answers to any of his legal research requests. The Court found that "neither party has established beyond dispute whether LVMPD consistently enforced this policy or whether it was enforced just as to Plaintiff." Accordingly, the Court determined that a genuine dispute of material fact exists regarding whether similarly situated detainees who use the law library are equally subjected to LVMPD's policy.

Defendants contend that LVMPD and Sheriff Lombardo are improper parties with respect to Plaintiff's equal protection claim, as only Olson is alleged to have "personally required Plaintiff to take certain actions different from established policies at the law library." Defendants contend that LVMPD and Lombardo would be improper defendants for trial because they took no part in the "isolated instance of dissimilar treatment," as Lombardo and LVMPD did not direct Olson to treat Plaintiff in any particular way.

If LVMPD and/or Lombardo remain parties to the suit with respect to Count II, Defendants contend that reconsideration is proper. Defendants argue that the Court's Order on summary judgment does not support the continued inclusion of LVMPD and Lombardo as defendants, because the Order allegedly "does not analyze whether defendants' actions alleged in Count II had a 'rational basis.'" Defendants argue that a rational basis existed for treating Plaintiff as alleged in Count II, because Plaintiff "continuously refused to sign for legal materials that he requested from the law library." Defendants allege that a policy of requiring Plaintiff to guarantee his research requests with an assurance that he would later sign for the materials once received was grounded in the rational purpose of "preventing wastefulness and pointless efforts to gather legal materials only for Plaintiff to reject them later on."

Defendants further argue that reconsideration is proper because Plaintiff "failed to provide any evidence of 'similarly situated' individuals being treated differently than him." Defendants contend that the individuals "similarly situated" to Plaintiff are not merely other detainees at the

Clark County Detention Center ("CCDC"), but more specifically, other inmates who – like Plaintiff – "repeatedly rejected legal materials and routinely requested hundreds of pages of documents."

The Court now clarifies that Defendant LVMPD remains a party to the suit, to proceed to trial on Count II. Plaintiff does not allege that he was subjected to an instance of dissimilar treatment solely by Olson, but rather that his discriminatory treatment was sanctioned by LVMPD writ large. Plaintiff alleged in his Third Amended Complaint and again in his Response to Defendants' Motion for Clarification that LVMPD created and enforced a policy that permitted correctional staff like Defendant Olson to impose "personal rules" against inmates, including the rule inequitably enforced against Plaintiff with respect to his legal research requests. The Court further finds unavailing Defendants' argument that dismissal of LVMPD is proper because Defendant Olson is an employee of the Las Vegas-Clark County Library District, and not of the LVMPD. Regardless of who Defendant Olson's employer was, it is undisputed that Plaintiff was housed at CCDC, which is operated by the LVMPD; Plaintiff was thus in the custody of LVMPD at the time of his alleged discriminatory treatment and subject to the policies and procedures created by the LVMPD.

The Court does accept Defendants' argument that Lombardo may be dismissed as to Count II. Plaintiff's Complaint asserts claims against Lombardo in both his personal and official capacity. However, Plaintiff has not identified how Lombardo personally participated in the alleged unequal treatment, and the Court construes Plaintiff's equal protection claim against Lombardo as a Monell claim. Because LVMPD remains a party to Count II, the Court finds that Lombardo is a redundant defendant who may be dismissed from the suit. See Melendres v. Arpaio, 784 F.3d 1254, 1260 (9th Cir. 2015) (stating that, "[o]n remand, the district court may consider dismissal of Sheriff Arpaio in his official capacity because 'an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.'" (quoting Kentucky v. Graham, 473 U.S. 159, 166 (1985))).

The Court further denies Defendants' Motion for Reconsideration. Defendants' assertions pertaining to the Court's standard of review and Plaintiff's lack of evidence of "similarly situated" individuals are unavailing. First, whether a rational basis existed for treating Plaintiff as alleged in Count II involves critical questions of fact that must be decided by a jury. The parties dispute

whether Plaintiff routinely rejected legal materials, as well as whether a policy of requiring Plaintiff (or anyone else) to indicate they would sign an inmate account charge slip was ever imposed as a result. See Gibson v. County of Washoe, 290 F.3d 1175, 1194-95 (9th Cir. 2002) (stating that whether a policy or custom exists is normally a question of fact for the jury). The Court cannot at this stage find as a matter of law that a rational basis existed for the imposition of the policy, as the alleged predicate facts underlying imposition of that policy are highly contested. To defeat a motion for summary judgment, plaintiffs may present evidence that the state's proffered rational basis was "objectively false" or based on improper motive. Squaw Valley Dev. Co. v. Goldberg, 375 F.3d 936, 946 (9th Cir. 2004). If Plaintiff did not routinely reject legal materials, the state's proffered basis for requiring Plaintiff to sign for requested materials would be "objectively false." Further, Plaintiff has sufficiently alleged that to his knowledge, no other indigent inmate was subjected to the same policy of signing trust account withdrawal forms before receiving legal research materials. Defendants' bases for reconsideration do not turn on newly discovered evidence or an intervening change in controlling law, and the Court is not convinced that it committed clear error or that its initial decision was manifestly unjust.

### b. Plaintiff's Motion for Reconsideration

Plaintiff moves for reconsideration of the Court's ruling on summary judgment regarding his Count V First Amendment Retaliation claim. The Court finds that Plaintiff's motion is deficient because it largely rehashes the same arguments presented at the summary judgment stage.

Plaintiff principally argues that his First Amendment retaliation claim should have survived because Defendants Hitt and Taylor placed Plaintiff in disciplinary housing around the same time that Plaintiff raised a complaint that it was unconstitutional for CCDC to require him to sign a trust account form for legal research. The Court in its Summary Judgment Order found that Plaintiff provided no evidence that Defendants' actions were motivated by Plaintiff's grievances or were made with the intention to chill his speech. Because Plaintiff presents no new arguments with respect to his First Amendment Retaliation claim, the Court denies his Motion for Reconsideration.

6

### V. CONCLUSION

**IT THEREFORE IS ORDERED** that Defendants' Motion for Clarification, or in the alternative, Motion for Reconsideration (ECF No. 134) is **DENIED**.  IT IS FURTHER ORDERED that Plaintiff's Motion for Reconsideration (ECF No. 142) is **DENIED.**

DATED: November 23, 2021.

_____
RICHARD F. BOULWARE, II
United States District Judge